1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD KEITH GARNER

11          Plaintiff,                        No. 2:12-cv-0719 CKD P

12       vs.

13   PLACER COUNTY PUBLIC DEFENDER, et al.

14          Defendant.                        ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a complaint filed under 42

17   U.S.C. § 1983.  He has consented to the jurisdiction of the magistrate judge, pursuant to 28

18   U.S.C. § 636(c).

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24   U.S.C. § 1915A(b)(1),(2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6            When considering whether a complaint states a claim upon which relief can be

7    granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

8    (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v.

9    Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than

10   those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive

11   dismissal for failure to state a claim, a pro se complaint must contain more than "naked

12   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

13   action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

14   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

15   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

16   claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at

17   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

18   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

19   Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint

20   for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard

21   Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

22           Plaintiff's allegations solely concern the performance of his appointed defense

23   counsel, John Lyman, in criminal proceedings in Placer County Superior Court that resulted in

24   his conviction and indeterminate sentence of twenty-five years to life.  The complaint makes it

25   clear that plaintiff believes he received ineffective assistance of counsel, but it does not go so far

26   as to allege a violation of plaintiff's right to effective counsel under the Sixth Amendment, as

1    recognized in Strickland v. Washington, 466 U.S. 668 (1984).  The complaint also does not

2    attack his conviction or sentence.  Instead it seeks damages for Lyman's alleged

3    "misrepresentation" and negligence in his role as criminal defense attorney.

4            Under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff has a right to be free

5    from violations of constitutional guarantees perpetrated by anyone acting under color of state

6    law.  Van Ort v. Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).  Public defenders are not "state

7    actors" for purposes of § 1983, so no federal civil rights action for damages from a public

8    defender can lie.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Miranda v. Clark

9    County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

10           Furthermore, to the extent plaintiff means to aver a claim of ineffective assistance

11   of counsel under the Sixth Amendment and Strickland, such a claim sounds under the habeas

12   statute, 28 U.S.C. § 2254, and is only cognizable if an inmate seeks to vacate or modify his

13   conviction or sentence.  The court might be inclined to construe plaintiff's complaint as a habeas

14   petition, but the Ninth Circuit has held that when a complaint states claims that sound in habeas,

15   the district court should not convert the complaint into a habeas petition.  See Trimble v. City of

16   Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995); Craver v. Franco, 2008 WL 191056 at *3 (E.D.

17   Cal.).  The proper course, instead, is to dismiss the claims without prejudice to plaintiff's right to

18   reassert them in a habeas petition.  Id.

19           Finally, to the extent plaintiff asserts claims for legal malpractice or negligence

20   against Lyman, those claims are cognizable only under state tort law.  In the absence of any

21   cognizable § 1983 claim, the court finds this case presents the exception to supplemental

22   jurisdiction given in 28 U.S.C. § 1367(c)(3).  The court will exercise its discretion to decline

23   supplemental jurisdiction, as provided under that statute.  See Executive Software North

24   America, Inc. v. U.S. Dist. Court for Cent. Dist of California, 24 F.3d 1545, 1556-57 (9th Cir.

25   1994) (overruled on other grounds, Cailfornia Dept. Of Water Resources v. Powerex Corp., 533

26   F.3d 1087, 1091 (9th Cir. 2008)).

1      Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed without

2  prejudice, and this case is closed.

3   Dated: May 31, 2012

4                                                    _____
                                                     CAROLYN K. DELANEY
5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13   3
     garn0719.ord

14

15

16

17

18

19

20

21

22

23

24

25

26

4